UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
DEBRA DEMICHAEL

                *Plaintiff,*

        -against-

SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN;
JOHN J. GLEESON; and JUSTIN P. SCHACKNE,

                *Defendants.*
-----------------------------------------------------------------------------X

Index No:

# COMPLAINT

Plaintiff Demands a Trial by Jury

Plaintiff, DEBRA DEMICHAEL, by and through her attorney, Victor M. Serby, Esq., as for a complaint against the Defendants, SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN; JOHN J. GLEESON; and JUSTIN P. SCHACKNE, sets forth and alleges as follows:

## **PARTIES**

1. Plaintiff, DEBRA DEMICHAEL, is a natural person residing in Oceanside, New York.

2. Defendant, SUSAN THUGE CARLINO, at all times relevant to this complaint is a natural person residing at 57a Moriches Ave, East Moriches, NY 11940.

3. Defendant, SUSAN THUGE CARLINO is also known by the moniker SANDY TONNESSEN when posting on social media.

4. Defendant JOHN J. GLEESON, at all times relevant to this complaint was/is a natural person currently residing at 50 Sunnybrook Dr. Oceanside, NY 11572, and is the next-door neighbor of Plaintiff DEBRA DEMICHAEL.

5. Defendant JUSTIN P. SCHACKNE is a natural person currently residing at 17 Ledgewood Circle, East Setauket, NY 11733.

6. Defendant JUSTIN P. SCHACKNE, at all times relevant to this complaint, was/is an employee / servant of the Nassau County Police Department in the capacity of police officer / detective.

## JURISDICTION AND VENUE

7. This court has original jurisdiction under 28 U.S.C. § 1331, and specifically under the jurisdiction provision of the Federal Driver's Privacy Protection Act 18 USC § 2724 (a).

8. Venue is properly placed in this District under 28 U.S.C. § 1391(b)(1) and (2).

9. This court has supplemental jurisdiction over the related state and common law claims pursuant to 28 USC § 1367.

## BACKGROUND

10. Defendant SUSAN THUGE CARLINO uses her Facebook page entitled "The Dirty Filthy Truth About Debbie DeMichael." to engage in a pattern of harassment against plaintiff DEBRA DEMICHAEL by defaming DEBRA DEMICHAEL, soliciting others to defame DEBRA DEMICHAEL, and posting personal information concerning DEBRA DEMICHAEL, among other things, particularly with respect to DEBRA DEMICHAEL's calling as a dog rescuer emphasizing German Shepherd dogs.

11. Defendant SUSAN THUGE CARLINO started a defamatory bogus change.org petition concerning DEBRA DEMICHAEL that was designed to harass DEBRA DEMICHAEL and to ruin her in her business as a rescuer of dogs. https://www.change.org/p/laura-gillen-town-of-hempstead-supervisor-stop-the-monster-animal-abuse-and-hoarding-town-of-hempstead-long-island-ny

12. Defendant JOHN J. GLEESON started and continued a pattern of harassment against DEBRA DEMICHAEL with respect to her calling as a dog rescuer.

13. Defendant JOHN J. GLEESON is a regular poster to SUSAN THUGE CARLINO's Facebook page entitled "The Dirty Filthy Truth About Debbie DeMichael."

14. Defendant SUSAN THUGE CARLINO started and continued a pattern of harassment against DEBRA DEMICHAEL with respect to her occupation as a dog rescuer.

15. Defendant SUSAN THUGE CARLINO, in concert with with Defendant JOHN J. GLEESON continued a pattern of harassment against DEBRA DEMICHAEL with respect to her occupation as a dog rescuer.

16. Upon information and belief, defendant JUSTIN P. SCHACKNE at all times relevant to this complaint was a personal friend of defendant SUSAN THUGE CARLINO.

17. In mid-April 2018, defendant SUSAN THUGE CARLINO to aid in her harassment campaign against DEBRA DEMICHAEL, asked defendant JUSTIN P. SCHACKNE, to use

his position as police detective to obtain the "Motor Vehicle Record" and/or other confidential information of DEBRA DIMICHAEL, which included DEBRA DEMICHAEL's "personal information" and "highly restricted personal information" as those terms are defined in 18 USC §2725.

18. The New York Statewide Police Information Network (NYSPIN) is a law enforcement database whose access is governed by authority to access, an authorized purpose, and a need to know basis.

19. The NYSPIN system has direct access to motor vehicle records maintained by the New York State Department of Motor vehicles.

20. The National Crime Information Center, or NCIC, is an electronic clearinghouse of crime and other data useful to law enforcement available to virtually every criminal justice agency nationwide, including the Nassau County Police Department.

21. Access to the NCIC databases is governed by authority to access, an authorized purpose, and a need to know basis.

22. Police detective JUSTIN P. SCHACKNE in or about mid-April 2018 improperly accessed NYSPIN and/or NCIC for the purpose of obtaining confidential information from the NYSPIN database(s) concerning DEBRA DEMICHAEL.

23. At the time police detective JUSTIN P. SCHACKNE accessed said information concerning DEBRA DEMICHAEL from NYSPIN, he had authority to access said NYSPIN system, but he did not have an authorized purpose or a need to know with respect to obtaining access to NYSPIN concerning DEBRA DEMICHAEL.

24. Said confidential information obtained by detective JUSTIN P. SCHACKNE from NYSPIN included "personal information" and "highly restricted personal information" as those terms are defined in 18 USC §2725.

25. Detective JUSTIN P. SCHACKNE in or about mid-April 2018 improperly accessed NCIC database(s) for the purpose of obtaining confidential information from the NCIC database(s) concerning DEBRA DEMICHAEL.

26. Said confidential information obtained by detective JUSTIN P. SCHACKNE from NCIC included "personal information" and "highly restricted personal information" as those terms are defined in 18 USC §2725.

27. At the time detective JUSTIN P. SCHACKNE accessed said information concerning DEBRA DEMICHAEL from NCIC, he had general authority to access said NCIC system, but he did not have an authorized purpose or a need to know with respect to obtaining access to NCIC concerning DEBRA DEMICHAEL.

28. Detective JUSTIN P. SCHACKNE on or about mid-April 2018 did distribute the information that he obtained on DEBRA DEMICHAEL through NYSPIN and/or NCIC, including "personal information" and "highly restricted personal information" as those terms are defined in 18 USC §2725 to defendant SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN.

29. Defendant SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN knew or should have known that the information that she requested and received from JUSTIN P. SCHACKNE was "personal information" and "highly restricted personal information" as those terms are defined in 18 USC §2725.

30. Defendant SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN then publicly posted portions of the "personal information" and "highly restricted personal information" as those terms are defined in 18 USC §2725 to her Facebook page existing in the month of April 2018 entitled: "The Dirty Filthy Truth About Debbie DeMichael."

31. That specific webpage has since been taken down by SUSAN THUGE CARLINO, but SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN then started another webpage in or about June 25, 2018 entitled "The Dirty Filthy Truth About Debbie DeMichael ."

32. Upon information and belief, that specific webpage was taken down at the urging of defendant detective JUSTIN P. SCHACKNE, soon after DEBRA DEMICHAEL made a complaint to the Nassau County Police Department Internal Affairs concerning JUSTIN P. SCHACKNE accessing her personal information and highly restricted personal information using NYSPIN and/or NCIC.

33. The aforesaid Facebook pages are part of a campaign by SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN and JOHN J. GLEESON to publicly post disparaging and untrue content about DEBRA DEMICHAEL.

34. A copy of the main currently existing Facebook page may be found at the following web address: [1]

    https://www.facebook.com/The-Dirty-Filthy-Truth-About-Debbie-DeMichael-1469732246466249/

35. Police officer JUSTIN P. SCHACKNE on or about mid-April 2018 aided and abetted the aforesaid harassment against DEBRA DEMICHAEL by obtaining confidential information on DEBRA DEMICHAEL through the New York Statewide Police Information Network (NYSPIN).

36. JUSTIN P. SCHACKNE in or about mid-April 2018 obtained DEBRA DEMICHAEL's "Motor Vehicle Record" and "personal information" and "NYSPIN info" and "NCIC info." at the personal request of defendant SUSAN THUGE CARLINO.

37. JUSTIN P. SCHACKNE had no probable cause or reasonable suspicion to obtain any of the aforesaid information.

38. JUSTIN P. SCHACKNE disseminated Plaintiff's "Motor Vehicle Record" and/or "personal information" and/or "NYSPIN info" (NY Statewide Police Information Network) and/or "NCIC info." (National Crime Information Center) to defendant SUSAN THUGE CARLINO in or about mid-April 2018.

39. SUSAN THUGE CARLINO in or about mid-April 2018 then received and further disseminated Plaintiff's "Motor Vehicle Record" and/or "personal information" and/or "NYSPIN info" (NY Statewide Police Information Network) and/or "NCIC info." (National Crime Information Center) to Defendant JOHN J. GLEESON.

40. Defendants JOHN J. GLEESON and SUSAN THUGE CARLINO used Plaintiff's Motor vehicle record and personal information and NYSPIN information and NCIC information to file baseless complaints with the Nassau County Police, the Town of Hempstead Building Department, the SPCA (Society for Prevention of Cruelty to Animals) and the New York State Court system.

41. These complaints included, but are not limited to calling 911, using the personal information of DEBRA DEMICHAEL to have the Nassau County police perform "wellness checks" on

---

[1] Plaintiff demands that Defendant SUSAN THURGE CARLINO not delete or alter any existing postings, or change any item on this website during the pendency of this case, or otherwise destroy or alter evidence in this case, including other postings that she may have made on the Internet concerning DEBRA DEMICHAEL.

DEBRA DEMICHAEL, making false allegations to the SPCA prompting them to perform "field investigations" at DEBRA DEMICHAEL's residence, and making bogus emergency calls prompting the Oceanside Fire Department to send emergency vehicles to DEBRA DEMICHAEL's residence.

42. Defendants JOHN J. GLEESON and SUSAN THUGE CARLINO used Plaintiff's Motor vehicle record and personal information and NYSPIN information and NCIC information to resurrect ancient and court-abandoned non-appearance warrants for traffic infractions and other minor offenses with the Nassau County District Court.

43. SUSAN THUGE CARLINO in or about mid-April 2018 then posted plaintiff's Motor Vehicle Records to Facebook along with the following text communication from Det. JUSTIN P. SCHACKNE:



44. DEBRA DEMICHAEL, sent the aforesaid information to Nassau County Police Department Internal Affairs ("Internal Affairs"), on or about April 16, 2018 (immediately after it was posted) and asked them to investigate detective JUSTIN P. SCHACKNE based on his illegally obtaining and further disseminating her personal information and motor vehicle record.

45. Internal Affairs on June 2, 2018 determined that Plaintiff's "complaint against Det. SCHACKNE was FOUNDED," but would not disclose details as to the discipline imposed on JUSTIN P. SCHACKNE, claiming that police officers' disciplinary records are confidential.

46. Upon information and belief, Internal Affairs's finding of "FOUNDED," was based on admissions of defendant JUSTIN SCHACKNE to Internal Affairs that he indeed obtained "personal information" and "highly restricted personal information" of DEBRA DEMICHAEL for an improper purpose.

47. Upon information and belief, Internal Affairs's finding of "FOUNDED," was based on admissions of defendant JUSTIN SCHACKNE that he used the NYSPIN and/or NCIC databases to obtain DEBRA DEMICHAEL's "personal information" and "highly restricted personal information" without an authorized purpose and a need to know basis and that he disseminated that information to defendant SUSAN THURGE CARLINO.

## AND AS FOR A FIRST CAUSE OF ACTION

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth at length hereat.

49. Defendant, police detective JUSTIN P. SCHACKNE made a false representation to access and obtain the personal information from DEBRA DEMICHAEL's motor vehicle record, by among other things, representing on access to the NYSPIN and/or NCIC systems that the logon(s) and/or the information to be obtained was for an authorized purpose and/or a need to know purpose.

50. Defendant detective JUSTIN P. SCHACKNE wrongfully obtained DEBRA DEMICHAEL's personal information and highly restricted personal information from the NCIC and NYSPIN systems.

51. Defendant, police detective JUSTIN P. SCHACKNE, knowingly and willfully obtained personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.
52. Defendant, police detective JUSTIN P. SCHACKNE, knowingly disclosed personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.
53. Defendant, police detective JUSTIN P. SCHACKNE, knowingly used personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.
54. Defendant, detective JUSTIN P. SCHACKNE's knowingly obtaining, disclosing and/or using DEBRA DEMICHAEL's personal information and highly restricted personal information was not a "permissible use" pursuant to 18 USC §2721.
55. Defendant detective JUSTIN P. SCHACKNE wrongfully obtained DEBRA DEMICHAEL's court records for minor infractions such as but not limited to traffic violations, where she may have missed court dates, and passed this information on to defendant SUSAN THUGE CARLINO, where defendants SUSAN THUGE CARLINO and/or JOHN J. GLEESON used this information for the sole purpose of harassing the plaintiff.
56. Plaintiff DEBRA DEMICHAEL seeks actual damages in the amount of $500,000, but not less than liquidated damages in the amount of $2,500 pursuant to 18 USC §2724 as against defendant JUSTIN P. SCHACKNE.
57. Plaintiff DEBRA DEMICHAEL seeks punitive damages for willful and/or reckless disregard of the law, pursuant to 18 USC §2724 in an amount to be determined by a jury as against police detective JUSTIN P. SCHACKNE.
58. PLAINTIFF DEBRA DEMICHAEL, in addition, seeks reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 18 USC §2724.
59. Plaintiff DEBRA DEMICHAEL, in addition seeks equitable relief from the court directing JUSTIN P. SCHACKNE to refrain from obtaining, disseminating or using NYSPIN or NCIC to obtain DEBRA DEMICHAEL's (or anyone else's) personal information from her motor vehicle records without the proper permission(s) under the Driver Privacy Protection Act.

## AND AS FOR A SECOND CAUSE OF ACTION

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth at length hereat.
61. Defendant, SUSAN THUGE CARLINO, through defendant JUSTIN P. SCHACKNE, knowingly and willfully obtained personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.
62. Defendant, SUSAN THUGE CARLINO, knowingly disclosed personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.
63. Defendant, SUSAN THUGE CARLINO, knowingly used personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.
64. Defendant, SUSAN THUGE CARLINO's knowingly obtaining, disclosing and/or using DEBRA DEMICHAEL's personal information was not a "permissible use" pursuant to 18 USC §2721.
65. Plaintiff DEBRA DEMICHAEL seeks actual damages in the amount of $500,000, but not less than liquidated damages in the amount of $2,500 pursuant to 18 USC §2724 as against defendant SUSAN THUGE CARLINO.
66. Defendant, SUSAN THUGE CARLINO, in addition to wrongfully using personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act, she used confidential and highly restricted information concerning DEBRA DEMICHAEL's missed court dates to file complaints with the Nassau County District Court to resurrect those missed court dates and to post that information on Facebook for the sole purpose of harassing DEBRA DEMICHAEL.
67. Plaintiff DEBRA DEMICHAEL seeks punitive damages for willful and/or reckless disregard of the law, pursuant to 18 USC §2724 as against defendant SUSAN THUGE CARLINO, in an amount to be determined by a jury.
68. PLAINTIFF DEBRA DEMICHAEL, in addition, seeks reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 18 USC §2724.
69. Plaintiff DEBRA DEMICHAEL, in addition seeks equitable relief from the court directing SUSAN THUGE CARLINO a/k/a SANDY TONNESSEN to remove said Facebook page

entitled "The Dirty Filthy Truth About Debbie DeMichael ," and any similar pages and/or postings on the Internet, delete all backup copies of said Facebook page or similar pages and/or similar postings on the Internet, and to refrain from posting anything concerning DEBRA DEMICHAEL on the Internet in the future.

70. Plaintiff seeks an Order from this court directing SUSAN THUGE CARLINO to destroy any and all copies of DEBRA DEMICHAEL's personal information obtained by defendant JUSTIN SCHACKNE including the deletion of all electronically stored records of such information.

71. Plaintiff seeks an Order from this court directing SUSAN THUGE CARLINO to refrain from any future use of DEBRA DEMICHAEL's personal information or highly restricted personal information, and to direct that SUSAN THUGE CARLINO purge from the Internet all Facebook pages, change.org petitions and all other Internet postings that are "the fruit of the poisonous tree" (i.e. came about because of illegal access to DEBRA DEMICHAEL's personal and restricted information.

## AND AS FOR A THIRD CAUSE OF ACTION

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth at length hereat.

73. Defendant, JOHN J. GLEESON, knowingly and willfully obtained personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act, through defendant SUSAN THURGE CARLINO.

74. Defendant, SUSAN THUGE CARLINO, knowingly disclosed personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act to defendant JOHN J. GLEESON.

75. Defendant, JOHN J. GLEESON, knowingly used personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act.

76. JOHN J. GLEESON used said personal information to harass DEBRA DEMICHAEL by making bogus 911 calls asking for "welfare checks" on DEBRA DEMICHAEL from the Nassau County Police, calling the Oceanside Fire Department and reporting a bogus emergency at DEBRA DEMICHAEL's residence, resurrecting old non-appearances at the

Nassau County District Court pertaining to DEBRA DEMICHAEL's motor vehicle record, etc.

77. Defendant, JOHN J. GLEESON's knowingly obtaining, disclosing and/or using DEBRA DEMICHAEL's personal information was not a "permissible use" pursuant to 18 USC §2721.

78. Plaintiff DEBRA DEMICHAEL seeks actual damages in the amount of $500,000, but not less than liquidated damages in the amount of $2,500 pursuant to 18 USC §2724 as against defendant JOHN J. GLEESON.

79. Defendant, JOHN J. GLEESON, in addition to wrongfully using personal information from DEBRA DEMICHAEL's motor vehicle record for a purpose not permitted under The Driver Privacy Protection Act, used confidential and highly restricted information concerning DEBRA DEMICHAEL's missed court dates to file complaints with the Nassau County District Court to resurrect those missed court dates and to post that information on Facebook for the sole purpose of harassing DEBRA DEMICHAEL.

80. Plaintiff DEBRA DEMICHAEL seeks punitive damages for willful and/or reckless disregard of the law, pursuant to 18 USC §2724 as against defendant JOHN J. GLEESON, in an amount to be determined by a jury.

81. PLAINTIFF DEBRA DEMICHAEL, in addition, seeks reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 18 USC §2724.

82. Plaintiff seeks an Order from this court directing JOHN J. GLEESON to destroy any and all copies of DEBRA DEMICHAEL's personal information that he obtained and/or used including the permanent deletion of all electronically stored records of such information.

83. Plaintiff seeks an Order from this court directing JOHN J. GLEESON to refrain from any future use or dissemination of DEBRA DEMICHAEL's personal information or highly restricted personal information or information that is "the fruit of the poisonous tree" (i.e. came about because of illegal access to DEBRA DEMICHAEL's personal and restricted information.

## AND AS FOR A FOURTH CAUSE OF ACTION

84. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth at length hereat.
85. Defendant JOHN J. GLEESON at times acts in conjunction with defendant SUSAN THUGE CARLINO, and posts on defendant SUSAN THUGE CARLINO's Facebook page. https://www.facebook.com/The-Dirty-Filthy-Truth-About-Debbie-DeMichael-1469732246466249/
86. Defendant JOHN J. GLEESON trespassed on DEBRA DEMICHAEL's property on multiple occasions to obtain pictures of her backyard that he could not otherwise have obtained without entering her property by "breaking the close" of her property.
87. Defendant JOHN J. GLEESON trespassed on DEBRA DEMICHAEL's property by throwing rat poison over the fence dividing her property from his on multiple occasions.
88. Defendant JOHN J. GLEESON trespassed on DEBRA DEMICHAEL's property by entering DEBRA DEMICHAEL's property and "breaking the close" and leaving rat poison on her property.
89. Defendant JOHN J. GLEESON trespassed on DEBRA DEMICHAEL's property knew that he had no permission to enter DEBRA DEMICHAEL's property either by him physically "breaking the close" or by throwing rat poison onto DEBRA DEMICHAEL's property while standing on his property.
90. Upon information and belief, defendant JOHN J. GLEESON's motive for said acts of throwing rat poison over the property line fence and/or placing rat poison on her proeprty was to make DEBRA DEMICHAEL's rescue dogs sick and/or kill them and/or to otherwise harm her dogs and to instill fear in DEBRA DEMICHAEL that her rescue dogs would be poisoned or otherwise harmed.
91. These trespasses indeed intimidated DEBRA DEMICHAEL and instilled fear into her that her dogs would be poisoned at the hands of defendant JOHN J. GLEESON.
92. JOHN J. GLEESON is liable to DEBRA DEMICHAEL in trespass in the amount of $500,000 for the damage that he did to DEBRA DEMICHAEL stemming from his trespasses and his attempt to poison her dogs.
93. JOHN J. GLEESON is liable to DEBRA DEMICHAEL for punitive damages in an amount to be determined by a jury for the unconscionable and morally reprehensible aforesaid trespass onto DEBRA DEMICHAEL's property with respect to his placing rat poison on her property and/or throwing it over the fence.

## AND AS FOR A FIFTH CAUSE OF ACTION

94. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth at length hereat.

95. Defendant JOHN J. GLEESON creates a nuisance with respect to DEBRA DEMICHAEL's property by regularly shining bright lights at night onto her property and directing the beam into her windows.

96. Upon information and belief, defendant JOHN J. GLEESON's motive for said acts of shining bright lights onto her property at night, including directing the beam into her windows is to harass and annoy DEBRA DEMICHAEL and to intimidate her, and to interfere with her quiet enjoyment of her property.

97. Plaintiff seeks damages in an amount to be determined by a jury from JOHN P. GLEESON for the aforesaid acts of nuisance directed agaisnt DEBRA DEMICHAEL.

## AND AS FOR A SIXTH CAUSE OF ACTION

98. Defendant, SUSAN THUGE CARLINO ran and runs the aforesaid Facebook page website https://www.facebook.com/The-Dirty-Filthy-Truth-About-Debbie-DeMichael-1469732246466249/

99. The purpose of said website is to defame DEBRA DEMICHAEL and to induce others to file complaints with the Town of Hempstead, the SPCA and other governmental authorities and organizations solely to harass DEBRA DEMICHAEL and defame her in her calling as a canine rescuer with emphasis on German Shepherd dogs, and dog fosterer, and otherwise disseminate false information about DEBRA DEMICHAEL in order to harm he in her business and profession.

100. Defendant, SUSAN THUGE CARLINO posted a change.org petition concerning DEBRA DEMICHAEL at https://www.change.org/p/laura-gillen-town-of-hempstead-supervisor-stop-the-monster-animal-abuse-and-hoarding-town-of-hempstead-long-island-ny

101. Said change.org petition urges its readers to make bogus complaints to the Supervisor of the Town of Hempstead among others, concerning DEBRA DEMICHAEL.

102. As a result of said petition, Plaintiff was inundated by inquiries and visits from personnel of the TOWN of HEMPSTEAD concerning the falsely alleged mistreatment of her rescue dogs.

103. Defendants SUSAN THUGE CARLINO and/or JOHN J. GLEESON have also personally also have made dozens of false complaints to the Town of Hempstead whereby they falsely allege building and zoning violations at DEBRA DEMICHAEL's residence.

104. Among these slanderous statements to the Town of Hempstead and complaints to the SCPA, the Nassau County Police and other governmental agencies is SUSAN THUGE CARLINO's and/or JOHN J. GLEESON's repeated false statement that "Debbie DeMichael is abusing large numbers of dogs by keeping them in her basement without adequate food or water."

105. This statement disparaged DEBRA DEMICHAEL in her profession as a dog rescuer, and resulted in the TOWN of HEMPSTED demanding access to her home to see the condition of the dogs in her basement and to ascertain if DEBRA DIMICHAEL was harboring dogs in excess of the number that she was allowed to harbor by hiding them in her basement.

106. This statement disparaged DEBRA DEMICHAEL in her profession as a dog rescuer before the SPCA, and resulted in the SPCA demanding access to her home to see the condition of the dogs in her basement.

107. The TOWN of HEMPSTEAD inspectors eventually realized that these repeated complaints were untruthful because DEBRA DEMICHAEL's house does not have a basement, and the number of dogs at her property did not exceed what she was allowed.

108. This statement was false when uttered by SUSAN THUGE CARLINO and JOHN J. GLEESON, and it was made knowing that it was false or with reckless disregard for the truth.

109. Defendant, SUSAN THUGE CARLINO urges the followers of her Facebook page to interfere with DEBRA DEMICHAEL's dog rescue efforts by badmouthing DEBRA DEMICHAEL to agencies and individuals that supply her with homeless dogs, and points to the bogus complaints that she and JOHN J. GLEESON made as [false] evidence that DEBRA DEMICHAEL is somehow unfit to care for and adopt out homeless dogs.

110. Each of such bogus complaints prompts a visit from the entity to which the complaint was made—Town of Hempstead inspectors, the police, and the SPCA.

111. JOHN J. GLEESON and SUSAN THUGE CARLINO are jointly and severally liable for the slanderous and libelous complaints that they made about DEBRA DEMICHAEL to the governmental authorities whereby they damaged DEBRA DIMICHAEL.

112. JOHN J. GLEESON and SUSAN THUGE CARLINO are each liable to DEBRA DEMICHAEL in the amount of $500,000 for defaming DEBRA DEMICHAEL.

Plaintiff demands a jury trial.

WHEREFORE, plaintiff demands judgment against all the defendants for each of the aforesaid causes of action in the requested amount of $500,000 each, plus punitive damages in an amount to be determined by a jury, but no less than statutory damages, reasonable attorney's fees and other litigation costs reasonably incurred.

Dated: April 6, 2021
      Woodmere, New York

      Victor M. Serby, Esq. [VS-4606]
      *Attorney for Plaintiff* DEMICHAEL
      255 Hewlett Neck Road
      Woodmere, New York 11598
      Tel.: 516-374-2455
      Email: serbyv@gmail.com