# VICTOR M. SERBY, ESQ.

*Attorney-at-Law*
255 Hewlett Neck Road
Woodmere, NY 11598

e-mail: serbyv@gmail.com
Tel: (516) 374-2455

August 12, 2025

VIA ECF FILING AND SERVICE
Hon. Arlene R. Lindsay, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

                     Re: DeMichael v. Carlino et al.— 2:21-cv-01851-ENV-ARL
                        Letter Motion to Strike Answers and/or other relief

Dear Judge Lindsay:

    I am counsel for plaintiff DEBRA DEMICHAEL in the above-referenced action. I write in accordance with Section 1D of the court's individual practice 2 (A) to move to strike the answers, affirmative defenses and counterclaims of defendants Justin Schackne, Susan Carlino and John Gleeson or to preclude their respective testimony at trial (or in a motion for summary judgment), under Fed R. Civ. Pro. 37 (d)(1)(a)(i) and/or other relief under Rule 37(d)(3) including my attorney fees and expenses for said parties' respective failures to attend their noticed depositions [ECF doc. no 78] and for sanctions against defendant John Gleeson and/or his counsel under Fed R. Civ. Pro. 30(g)(1) for both my and my client Debra Demichael's appearance at Debra Demichael's noticed deposition [ECF doc. no 80] where the noticing party (John Gleeson) failed to attend and proceed with the deposition.

    Plaintiff, on **July 3, 2025** noticed the respective depositions of defendants Susan Carlino for **July 17, 2025 (Thursday) at 10:00 a,m.** at the Federal Courthouse in Central Islip, John Gleeson for **July 18, 2025 (Friday) at 10:00 a.m.** at the Nassau County Attorney's Office, and Justin Schackne for **July 18, 2025 (Friday) at 2:00 p.m.** at the Nassau County Attorney's Office. [ECF doc. 78]. Ex. 1 (email to Susan Carlino noticing depositions). Also on **July 3, 2025**, I reserved a deposition room at the Central Islip courthouse in accordance with the EDNY procedure. This too was emailed to all parties. Ex. 2. Defendant John Gleeson, on **July 8, 2025**, noticed Plaintiff Debra DeMichael for her deposition for **July 21, 2025 (Monday) at 10:00 a.m.** at Long Tuminello, LLP in Bayshore, NY. [ECF doc. no. 80]**.** Also, on July 8, 2025, in response to my email noticing defendant Susan Carlino's deposition, I received a return email from Susan Carlino stating that "I will not be there." Ex. 3

    Later that week, I received a telephone call from Michelle Aulivola, Esq. counsel for John Gleeson. She wanted to know if I would be appearing to take Susan Carlino's deposition as noticed.

I explained to her that I would be at the courthouse as noticed to take said deposition and that since Ms. Carlino is now *pro se*, I cannot take her response stating that she will not show up as an "anticipatory breach"—analogizing it to contract law—and that I would appear and either take Ms. Carlino's deposition should she show up, or make a record of her nonappearance if she does not. At that time, Ms. Aulivola also told me that her client, John Gleeson, is recovering from surgery and that his deposition may have to be postponed. I told her that it is not my call since Judge Lindsay ordered that all discovery be completed by July 21, 2025 and that no further extensions will be given absent extraordinary circumstances. As such, I told Ms. Aulivola that the time to take Mr. Gleeson's deposition could only be extended if she writes her request to the court and the court grants the request. I also told her that in her letter she can represent to the court that I consented. I also told her that she should get the consent from the other parties before applying to the court for this extension and I stayed on the line while she tried to conference all, but the attempt to conference the county attorney, Victoria LaGreca, Esq., went to voicemail. I also told her that a conference call to the court may be in order, due to the short time until Mr. Gleeson's deposition. I heard nothing further from Ms. Aulivola. On **Monday July 14, 2025,** I called Ms. Aulivola for the status and I left a message on her voicemail. I then followed up with an email to her asking whether she ever sent a request for adjournment of Mr. Gleeson's deposition to Your Honor. Ex. 4. I received no response. When this information was shared with my client, she forwarded me pictures of John Gleeson taking trash out to the curbside for pickup, thereby questioning Mr. Gleeson's recovery from surgery. Exhibit 5.

I appeared at the EDNY Central Islip Clerk's Office on **Thursday July 17, 2025 at 10:00 a.m.** for the noticed deposition of Susan Carlino. Only I, Debra DeMichael, and the court reporter showed up. The deponent Susan Carlino, *pro se* failed to show up and the attorney for defendant John Gleeson failed to show up and the attorney for defendant Justin Schackne failed to show up. At about 10:40 a.m. one of the assistant Court Clerks assigned us a deposition room, and at 10:45 a.m., I made a record of deponent Susan Carlino's failure to appear. Ex. 6 [I received the transcripts from the court reporting agency yesterday—thereby delaying the filing of this motion].

After not hearing from Michelle Aulivola, Esq., counsel for John Gleeson (or anyone else) or seeing a letter to the court requesting an adjournment of Mr. Gleeson's deposition, I appeared at the Nassau County Attorney's office, 2nd Floor Reception on **Friday July 18, 2025** for John Gleeson's noticed deposition. When I told the receptionist, Judith Urso, that I was here for John Gleeson's deposition at 10 a.m. and Justin Schackne's deposition at 2 p.m., she told me that she had nothing calendared and asked me the name of the Assistant Nassau County Attorney on the case. When I responded "Victoria LaGreca," Ms. Urso told me that Ms. LaGreca, Esq. was on trial. Ms. Urso then contacted Victoria LaGreca and Ms. Urso confirmed to me that Ms. LaGreca

would not be attending the morning deposition of John Gleeson and that the afternoon deposition of Justin Schackne would also not be going forward. When asked if anyone from the Nassau County Attorney's Office would be covering, she said there is no one else besides Ms. LaGreca. Ms. Urso gave me a screenshot of the body, but not the header of an email that Ms. LaGreca sent to her. I then made a record of the nonappearances of deponent John Gleeson, his counsel, Michelle Aulivola and Justin Schackne and his counsel before the court reporter. Victoria LaGreca. Ex. 7.

On **Monday, July 21, 2025,** I appeared at the office Long Tuminello, LLP, in Bay Shore with my client Debra Demichael for her 10:00 a.m. deposition as noticed. (ECF doc. 80). After waiting for a half-hour, Ms. Aulivola's paralegal, Megan Stone, eventually came out to the lobby, where we were sitting, profusely apologizing to me that I was "inadvertently omitted" on all email correspondence concerning Ms. DeMichael's deposition, and that it would not be going forward since Ms. Aulivola was not there. I was indeed omitted on all correspondence between Michelle Aulivola, Esq. and Victoria LaGreca, Esq. and Susan Carlino.

Finally, this court issued a docket text Order on **May 30, 2025** where the Nassau County Attorney's Office was directed to notify the court on steps taken to assign counsel and how it intends to proceed and that failure to respond may result in a recommendation to the District Judge to strike the Answer and the entry of a default judgment. On **June 19, 2025**, attorney LaGreca entered a Notice of Appearance. (ECF doc. no. 76). On **June 20, 2025** attorney LaGreca filed a letter to the court claiming to comply with said **May 30, 2025** Order. The court then ordered that the County Attorney submit a further status report with respect to ongoing representation by **July 16, 2025**, but the County defendant failed to do so. This is another reason to issue a recommendation for a default judgment against the County defendant.

Wherefore, the Plaintiff requests that this court strike the respective Answers, affirmative defenses and counterclaims of each defendant and issue a default judgment with respect to liability against each defendant and sanction Susan Carlino for her failure to appear at her deposition as requested in the first paragraph of this letter motion. If the court does not strike the Answers and recommend a default judgment to the District Court, I request another 2-weeks to file the preliminary letter for a Summary Judgment motion

Respectfully submitted,

Victor M. Serby, Esq.
*Attorney for Plaintiff* DEMICHAEL

cc. all counsel by ECF and email, and Susan Carlino by email